UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MICHELE MITMAN,

    Plaintiff,

v.

PHOEBE HOME,

    Defendant.

Case No. _____

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES the Plaintiff, Michele Mitman, (hereinafter referred to as "Plaintiff") by and through her attorney, Kraemer, Manes & Associates LLC, and files this Complaint alleging as follows:

## NATURE OF THE ACTION

1.    Plaintiff initiates this action to redress violations of Phoebe Home (hereinafter referred to as "Defendant") of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. Seq.*

## JURISDICTION AND VENUE

2.    This action is initiated pursuant to federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3.    This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard

set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant resided in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her administrative proceedings with respect to his EEOC claims by instituting the instant action within ninety (90) days of receiving a right to sue letter from the EEOC. See Notice of Right to Sue, attached hereto as "Exhibit A" and incorporated herein as reference.

## PARTIES

6. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

7. Plaintiff is an adult individual residing at 2613 Levans Road, Coplay, PA 18037.

8. Defendant is a Pennsylvania business corporation with a regular place of business located at 1925 Turner Street, Allentown, PA 18104.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

## FACTUAL BACKGROUND

10. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

11. Plaintiff is a forty-eight (48) year old adult individual.

12. Plaintiff was hired by Defendant on about March 1, 1999. At the time of her termination from Defendant, Plaintiff's job title was Unit Manager.

13. At all times relevant herein, Plaintiff was qualified for her job with Defendant.

14. During the last approximately two (2) years of Plaintiff's employment, Defendant was making efforts close down several of its buildings and reduce the number of residents.

15. In conjunction with the aforementioned efforts to close down buildings and reduce the number of residents, Defendant suggested that many employees, including Plaintiff accept an early retirement.

16. Despite Defendant's suggestions, Plaintiff did not accept an early retirement.

17. Within a close temporal proximity of Defendant's conduct as referenced in Paragraph 14 and Paragraph 15, Plaintiff observed that Defendant began terminating a significant number of employees who had been employed with Defendant in excess of twenty (20) years and who were over forty (40) years of age.

18. During the last several months of Plaintiff's employment, she began being issued formal discipline for pretextual and untrue reasons, including but not limited to the following:

- In around August of 2016, Plaintiff was issued written discipline for a late delivery of medication, even though said lateness was not within Plaintiff's control, but rather, was the result of the pharmacy delaying same;

- In around November of 2016, a significantly younger employee falsely accused Plaintiff of administering three (3) nitro patches to a patient;

- In around February of 2017, Plaintiff was issued written discipline for singing out medications that a patient did not receive. However, Plaintiff was not working during the shift when the medication was supposed to be administered; and

- In around February of 2017, Plaintiff was issued written discipline for a typographical error on an order for medication,

    even though the error was attributable to the ordering physician, and not Plaintiff.

19. On about February 21, 2017, Plaintiff was placed on a Performance Improvement Plan ("PIP"). During the PIP period of approximately three (3) months, Plaintiff's performance was monitored by three (3) different supervisors, none of whom advised Plaintiff of any performance issues.

20. At the conclusion of the PIP, Director of Nursing Lynn Ahner ("Ms. Ahner") advised Plaintiff that an independent audit of her performance revealed several performance-related errors. However, Ms. Ahner refused to provide Plaintiff with any proof of the audit or otherwise explain the nature of the purported mistakes.

21. In addition to the above, Nurse Nikki Simmons ("Ms. Simmons") advised Plaintiff that she observed Ms. Ahner and other management-level employees excessively scrutinizing Plaintiff's file in an effort to find mistake.

22. On about May 2, 2017, Plaintiff was summoned to a meeting with Ms. Ahner. At that time, Ms. Ahner terminated Plaintiff's employment.

## COUNT I
### Violations of the ADEA – Age-based Discrimination

23. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

24. Plaintiff is over the age of forty (40).

25. Plaintiff was at all times relevant herein qualified for her job.

26. During her employment with Defendant, Plaintiff observed Defendant make efforts to terminate many employees who were forty (40) years of age or older.

27. Plaintiff was subjected to age-based discrimination when Defendant suggested that she accept an early retirement.

28. Plaintiff was subjected to an adverse employment action when she was subjected to a series of pretextual discipline, hard her performance excessively scrutinized and was terminated from employment.

29. Plaintiff believes, and therefore avers, that she was replaced by a significantly younger individual.

30. The forgoing actions constitute violations of the ADEA.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter an order that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/harassing/retaliating against employees and is to be ordered to promulgate and effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation at the hand of Defendant until the date of verdict;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employees from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/ or pain and suffering damages (where legally permitted);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

Jonathan W. Chase, Esq.
**KRAEMER, MANES & ASSOCIATES LLC**
PA ID: 312448
1628 JFK Blvd.
Suite 1650
Philadelphia, PA 19102
(215) 475 3504 Direct
(215) 734 2466 Fax
jwc@lawkm.com

# EXHIBIT "A"

EEOC Form 161 (11/16)      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Michele Mitman
2613 Levans Rd
Coplay, PA 18037

From: Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2017-03604 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Kevin J. Berry,
Acting District Director

10/26/17 (Date Mailed)

Enclosures(s)

cc:
Glenn Stine
Human Resource Director
PHOEBE DEVITT HOMES
1925 Turner St
Allentown, PA 18104

Matthew Dempsky
KM&A
1515 Market St, Ste 1200
Philadelphia, PA 19102